CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GIA KIM (Bar No. 237326)
(Email: Gia_Kim@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: 213-894-4408
Fax: 213-894-0081

Attorneys for Defendant
JUAN JOSE BERNABE-RAMIREZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RAFAEL CARO-QUINTERO, et al.,<br><br>JUAN JOSE BERNABE-RAMIREZ (10),<br><br>  Defendant. | Case No. CR 87-422-JAK-10<br><br>**DEFENDANT JUAN BERNABE-RAMIREZ'S SENTENCING MEMORANDUM; EXHIBITS** |

Defendant Juan Jose Bernabe-Ramirez, by and through his attorney of record, Deputy Federal Public Defender Gia Kim, hereby submits this sentencing memorandum for the Court's consideration prior to sentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 5, 2020    By  */s/ Gia Kim*
                                GIA KIM
                                Deputy Federal Public Defender
                                Attorneys for Juan Jose Bernabe-Ramirez

## I. INTRODUCTION

Defendant Juan Jose Bernabe-Ramirez ("Mr. Bernabe") has spent more than 31 years in custody in connection with this case. Mr. Bernabe now intends to plead guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to a First Superseding Information charging RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (Dkt. Nos. 4446, 4448.) The parties agree on the applicable Sentencing Guidelines range and that a time-served sentence is appropriate. (Dkt. No. 4458 at 1-3.) Mr. Bernabe submits this memorandum and supporting exhibits to provide additional background for this Court's consideration of the relevant sentencing factors under 18 U.S.C. § 3553(a).

## II. ARGUMENT

The Section 3553(a) factors support a sentence of time served. In particular, Mr. Bernabe's history and characteristics include a long record of good conduct in prison. After being sentenced to life imprisonment in 1991 (Dkt. No. 2912), Mr. Bernabe has made substantial efforts at education and rehabilitation while incarcerated. He earned his GED while in BOP custody, completed drug treatment,[1] and has regularly availed himself of educational opportunities. (Ex. A at 1, 3-4.) At FCI Williamsburg, Mr. Bernabe worked both as an orderly in the chapel and as a trusted institutional photographer. (Ex. A at 3; Ex. B.) In the latter role, Mr. Bernabe has received commendation for his work ethic, integrity, and professionalism; he progressed from photographing inmates to photographing inmates with their visitors and documenting graduation and wedding ceremonies at the institution. (Ex. B.) This evidence of postsentencing rehabilitation is "highly relevant" to several Section 3553(a) factors, including "the history and characteristics of the defendant," and the need to "afford

---

[1] Mr. Bernabe completed non-residential drug treatment. (Ex. A at 1.) As a non-citizen with an immigration detainer (Ex. A at 2-3), he is ineligible for the Residential Drug Abuse Program (RDAP). *See United States v. Tristan-Madrigal*, 601 F.3d 629, 638 (6th Cir. 2010).

2

adequate deterrence" and "protect the public." *Pepper v. United States*, 562 U.S. 476, 491 (2011).

Mr. Bernabe's clean disciplinary record, age, and family support also indicate that a time-served sentence is sufficient to deter and protect the public. As calculated by BOP, Mr. Bernabe's risk level is "MINIMUM," with no incident reports for at least ten years and no history of violence in prison. (Ex. A at 1.) His supervisor at the Recreational Department has "observed first hand Juan Bernabe's commitment to being a model inmate." (Ex. B.) In addition, Mr. Bernabe is now 61 years old, and the Sentencing Commission has found that "[o]lder offenders were substantially less likely than younger offenders to recidivate following release."[2] Despite his long period of incarceration, Mr. Bernabe has maintained strong family support: his wife, mother, and siblings would welcome his return to Mexico, his cousin has remarked on his positive adjustment to custody and on his efforts to improve himself over the years, and the BOP has characterized his family/community ties as "good." (Ex. A at 2; Ex. C.) Family support is an attribute that "increases the likelihood that [the defendant] can again become a productive, non-threatening member of free society[.]" *United States v. Autery*, 555 F.3d 864, 874 (9th Cir. 2009).

Mr. Bernabe does not deny the seriousness of the offense of conviction, which is reflected in the advisory Guidelines range of 168 to 210 months. But the requested sentence — approximately 375 months, without accounting for good conduct time — far exceeds even the high end of that range and is sufficient to achieve the purposes of sentencing, including promoting respect for the law and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Further, the requested sentence would not create any unwarranted sentence disparities, *see* 18 U.S.C. § 3553(a)(6): this Court resentenced co-defendant Rene Verdugo to time served, after more than three decades in custody,

---

[2] U.S. Sentencing Commission, *The Effects on Aging of Recidivism of Federal Offenders* 3 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf.

following the vacatur of his convictions on similar grounds and his subsequent guilty plea to a similar charge of RICO conspiracy.  (Dkt. Nos. 4209, 4412, 4413, 4414.)

### III.  CONCLUSION

For the foregoing reasons, Mr. Bernabe respectfully requests a sentence of time served.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 5, 2020       By  /s/ Gia Kim
                                GIA KIM
                                Deputy Federal Public Defender
                                Attorneys for Juan Jose Bernabe-Ramirez

4